**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>**TIRSA SOSA SANTIAGO**<br><br>Debtor(s) | **CASE NO. 14-08430 BKT**<br>**Chapter 13**<br><br>**FILED & ENTERED ON  07/17/2015** |

## OPINION AND ORDER

Before the court is the *Motion to Avoid Lien Pursuant to 11 U.S.C.§ 522(f)* filed by Debtor on February 10, 2015, [Dkt. No. 23] along with Oriental Bank's ("Creditor") *Answer to Motion to Avoid Lien* filed on March 4, 2015, [Dkt. No. 26] and Debtor's *Motion Requesting Leave to File Reply Memorandum to Opposition to Motion to Avoid Lien under § 522(f) and tendering Reply Memorandum Subject to Court's Leave to File* filed on March 11, 2015, [Dkt. No. 27].

### I.      Factual Background

On February 10, 2015, Debtor filed a Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f), to relieve Debtor from Creditor's judicial lien in the amount of $37,672.25 on Debtor's 4 bedroom, 3 bathroom concrete property in Urbanization Haciendas del Dorado, in Toa Alta, Puerto Rico valued at $210,000.00. The basis for the obligations was a judgment obtained by Creditor for satisfaction of a credit card and personal loan debt, in state court Case No. DCD2008-1179(703).

On March 4, 2015, Creditor filed its Answer to Motion to Avoid Lien, arguing that, because the setting of the judicial lien over Debtor's residence predated the enactment of the

1

Puerto Rico Home Protection Act, 31 L.P.R.A. § 1858 ("2011 Act"), the Puerto Rico Homestead Law, Act No. 87 of May 13, 1936 ("1936 Law") applied instead, thus rendering the homestead exemption ineffective against Creditor. Creditor also argues that Rule 4003(d) of the Federal Rules of Bankruptcy Procedure allowed for the objection of a motion filed under section 522(f) by challenging the validity of the exemption asserted to be impaired by the lien.

In its opposition, Debtor states that it is irrelevant as to when the homestead exemption was put into effect and/or that the judicial lien was established beforehand. Debtor alleges that it is undisputed that the lien was attached when Debtor had an interest in the property and that, before the filing of the petition, Debtor had complied with recording her homestead. Debtor also argues that the Creditor's lien, while admittedly existing prior to the claim of homestead exemption, can be validly avoided through section 522(f), insofar as Debtor was entitled to the homestead exemption at the time of filing, absent Creditor's lien.

**II.      Legal Analysis**

Exemptions serve the Bankruptcy Code's purpose of achieving a "fresh start" for debtors against most creditors' claims. Nelson v. Scala, 192 F.3d 32, 34 (1st Cir. 1999). Exemptions are covered by 11 U.S.C. § 522. Pursuant to 11 U.S.C. § 522(f)(1):

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property
> to the extent that such lien impairs an exemption to which the debtor would have
> been entitled under subsection (b) of this section, if such lien is--
> (A) a judicial lien.

Furthermore, Section 522(f)(2)(A) provides:

> a lien shall be considered to impair an exemption to the extent that the sum of—
> (i) the lien;
> (ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Applying this statutory language, the First Circuit Court of Appeals held that "a debtor may avoid the fixing of a lien if three requirements are met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) the lien impairs an exemption to which the debtor would have been entitled; and (3) the lien is a judicial lien." In re Wilding, 475 F.3d 428, 431 (1st Cir. 2007).

In the instant case, there is no contention as to the fact that there was a fixing of a judicial lien on an interest of the Debtor in property. The parties agree that Creditor's lien constitutes a judicial lien and that Debtor requested a homestead exemption under the 2011 Act over her residence. The parties also concur that more than 30 days passed without any objection to this exemption and thus, pursuant to Fed.R.Bankr.P. 4003(b), the property became exempt by default. However, the Creditor contends that although it did not timely object to the exemptions listed on Debtor's schedules, it may defend against Debtor's attempt to avoid its lien by challenging the validity of the Debtor's exemptions. Regardless, Debtor's motion under section 522(f) properly brings the matter before the court.

Creditor claims in its reply to Debtor's motion to avoid lien that Article 17 of the 2011 Act, states that the Act shall take effect immediately after its approval and that cases filed with the court prior to the effective date of the act shall be entitled to claim homestead protection under the provisions of the 1936 Law, as amended. Creditor argues in view of the fact that the setting of the judicial lien over Debtor's residence predated the enactment of the 2011 Act, the 1936 Law applies instead. This Court disagrees based on the fact that Creditor's argument has

3

been previously rejected by the First Circuit Court of Appeals, as violating important preemption principles of section 522(f) relief.

Section 522(b)(3) of the Bankruptcy Code provides that exemptions on property, afforded by either federal or state law, are applicable as of the "date of the filing of the petition." The court must "focus only on the law and facts as they exist on the date of filing the petition." In re Peterson, 897 F.2d 935, 937, (8th Cir. 1990). "It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition." In re Friedman, 38 B.R. 275, 276 (Bankr.E.D.Pa.1984). Consequently, even though the acts of issuance and setting of the lien predate the enactment of the 2011 Act on September 13, 2011, the time when the judicial lien in favor of Creditor was set on Debtor's residence is irrelevant to the effectiveness of section 522(f) relief.

Judicial liens are subject to avoidance under the exact same terms when they impair a state created or a federal exemption. Even though a state may regulate which property is exempt and the exemption's applicability outside the bankruptcy process, the Bankruptcy Code preempts any state limitations to lien avoidance relief, even if the impaired exemption is based on state law. See In re Weinstein, 164 F.3d 677, 681-82 (1st Cir. 1999). The state's ability to define its exemptions is not absolute and must yield to conflicting policies in the Bankruptcy Code. Id. at 683, citing Owen v. Owen, 500 U.S. 305, 313 (1991). The Weinstein court frames the analysis "not as to whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which [the debtor] would have been entitled but for the lien itself." Weinstein, 164 F.3d at 680, citing Owen, 500 U.S. at 310.

4

As stated above, Creditor argues that because the judicial lien predates the 2011 Act and Debtor´s claim of homestead exemption, Debtor cannot be entitled to avoid the Creditor's lien pursuant to section 522(f). Creditor's argument would be valid if Debtor was not in bankruptcy, but was asking a state court to protect its homestead from a pre-established lien. However, such result would conflict with 11 U.S.C. § 522(f) itself and the Supreme Court's guidelines for avoidance relief established by the Owen court, as stated above.

It was decided in Owen that the courts must consider whether the exemption may be claimed if the lien to be avoided did not exist. As long as the lien attached to the property when the Debtor had an interest in the property, and the exemption can be claimed as of the petition's filing, section 522(f) relief will be available. The Supreme Court's analysis in Owen turns on whether the debtor had acquired an ownership interest in the property before the lien attached, and not whether the debtor had acquired the homestead exemption before the lien attached. See Weinstein, 164 F.3d at 684.

In lieu of the aforementioned, in the instant case, Debtor acquired an ownership interest in the property before the lien attached and then claimed her homestead exemption. Moreover, the sum of the liens on Debtor's property and the amount that Debtor could claim if there were no liens on said property exceeds the value that the Debtor's interest in the property would have in the absence of any liens. Thus, Creditor's judicial lien on Debtor's property is impairing the homestead exemption to which the Debtor is entitled. Therefore, pursuant to section 522(f)(1), Debtor's request to avoid lien shall be and hereby is granted.

**III. Conclusion**

WHEREFORE, IT IS ORDERED that Debtor's request to avoid lien shall be and hereby is GRANTED.

In San Juan, Puerto Rico this 17th day of July, 2015.

Brian K. Tester
U.S. Bankruptcy Judge